IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

AMANDA E. SMITH                                                    PLAINTIFF

vs.                                                            CIVIL ACTION NO. 3:16CV102-RP

COMMISSIONER OF SOCIAL SECURITY                       DEFENDANT

**MEMORANDUM OPINION**

       Plaintiff Amanda E. Smith, under 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security denying her applications for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed her application for a POD and DIB on September 6, 2012 and her application for SSI on September 15, 2012. Both applications alleged disability beginning on August 1, 2012. Her claim was denied initially on January 2, 2013, and upon reconsideration on June 6, 2013. She filed a request for hearing and was represented by counsel at the hearing held on August 19, 2014. The Administrative Law Judge (ALJ) issued an unfavorable decision on November 13, 2014, and the Appeals Council denied plaintiff's request for a review on March 30, 2016. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

       Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Having considered the record, the

1

briefs and the oral arguments of counsel, the court finds this case should be remanded to the Social Security Administration.

## I. FACTS

Plaintiff was born on February 28, 1980 and was 34 years old at the time of the hearing. She has a high school education and "a couple years of college." Docket 10 at 36-37. Plaintiff had past relevant work as a sitter for the elderly, a medical records clerk and a pharmacy technician. Plaintiff contends that she became disabled before her application for benefits due to "bipolar disorder, major depression, scoliosis of the spine." Docket 10 at 198.

The ALJ determined plaintiff suffered from "severe" impairments including anxiety, depression and lumbar scoliosis with lumbosacral spondylosis without myelopathy, but found these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d) 416.925 and 416.926). Based upon testimony by the vocational expert [VE] at the hearing and considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except the claimant can occasionally climb, balance,
> stoop crouch, crawl and kneel. She is limited to simple, routine
> tasks, by which it is meant that she can understand, remember, and
> carry out simple instructions. She cannot interact with the public
> and can occasionally interact with supervisors and coworkers.

Docket 10 at 20. Upon further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects she claimed due to her symptoms were "not entirely credible." After evaluating all of the evidence in the record, including testimony of a VE, the ALJ held that plaintiff could perform jobs that exist

2

in the national economy such as merchant maker, routing clerk, and silver wrapper. Docket 10 at 24. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff contends first that the ALJ erred because he failed to properly and fully develop the record in failing to identify and evaluate the author of a mental assessment provided by Region 8 Mental Health Center. Docket 18 at 7. Further, plaintiff asserts that the ALJ erred concluding that the global assessment of functioning scores provided by treating physicians did not reflect her current mental state. Plaintiff also argues that the ALJ improperly weighed the opinion of Dr. Okechuku as to her physical condition and that he disregarded her credible testimony. Following a review of the briefs, the transcript and oral argument, the undersigned concludes that plaintiff's case should be remanded for identification of the author of the mental assessment at Region 8, as well as for proper consideration of plaintiff's global assessment of functioning scores.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

3

must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v.*

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

*Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Of primary concern to the court is the ALJ's failure to identify the individual who completed the Functional Data Request Form sent to Regional 8 Mental Health Center by the Office of Disability Determination Services. Docket 10 at 310-16. On September 20, 2012, the Office of Disability Determination Services specifically requested that an individual from Region 8 Mental Health Center, where plaintiff had been treated, provide the "DETAILED, SPECIFIC

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

5

information on the claimant" requested as it was "necessary to establish chronicity and to determine the severity of the impairment over a period of time . . ." Docket 10 at 310. The signature of the individual completing the Functional Data Request Form is illegible and neither the state agency examiner nor the ALJ made any attempt to identify the person who completed the form. As a result, the ALJ gave "little weight" to the opinions contained in the Functional Data Request Form which indicated that plaintiff's "anxiety caused poor to fair functioning in all areas" because "the relationship between the claimant and this employee is unknown as are this employee's credentials to make this opinion." Docket 10 at 22.

The Region 8 Functional Data Request Form is important because it is the only evaluation of plaintiff's mental state following both of her inpatient hospitalizations. One of the remaining opinions as to plaintiff's mental condition was from Dr. Martha D'Ilio, a psychologist who did examine plaintiff but had only four pages of her medical records to review. Docket 10 at 332. Dr. D'Ilio's report was provided on October 24, 2012, only a month after plaintiff's application for benefits and prior to plaintiff's hospitalizations in May 2012 and August 2014. In other words, Dr. D'Ilio did not have the benefit of all of plaintiff's medical history upon which to base her decision and the ALJ still gave her opinion "great weight." Docket 10 at 22.

Similarly, the ALJ gave "great weight" to the assessment of state agency physician Dr. Glenda Scallorn provided on June 6, 2013, prior to plaintiff's second hospitalization for six days in August 2014. Dr. Scallorn did not examine plaintiff, but it does appear that she examined at least some of plaintiff's treatment records from Region 8 and the records from the inpatient treatment at St. Dominic's in May of 2013. Docket 10 at 87. There is no evidence that Dr. Scallorn examined the report of Dr. D'Ilio.

The ALJ gave "little weight" to the state agency psychological assessment by Dr. Amy Hudson who opined that plaintiff did not have a severe mental impairment at all. Docket 10 at 26. Dr. Hudson did not have the benefit of the records from either of plaintiff's inpatient hospitalizations or the other physician opinions.

A review of all the opinions as to plaintiff's mental health makes clear that the mental assessment from the unidentified person at Region 8 Mental Health Center is critical as no other opinion was provided by a physician after both of plaintiff's inpatient hospitalizations. Further, the only opinion after the first hospitalization was provided by Dr. Scallorn, who did not examine plaintiff.

It is well established that an ALJ has a duty to develop the record fully and fairly and to ensure that his decision is an informed one based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). When the ALJ fails in that duty and does not have before him sufficient facts on which to make an informed decision, his decision is not supported by substantial evidence. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). Reversible error will be found only when the ALJ's failure to fully develop the record prejudices the claimant. *Castillo v. Barnhart*, 325 F.3d 250, 351 (5th Cir. 2003). In order to establish prejudice, "a claimant must show that he 'could and would have adduced evidence that might have altered the result.'" *Brock*, 84 F.3d at 728.

In this case, the Region 8 assessment indicated that plaintiff's mental health issues caused poor to fair functioning in all areas. In keeping with his duty to develop the record fully and fairly and to ensure that his decision is an informed one based on sufficient facts, and rather than give little weight to the only professional opinion made subsequent to both of plaintiff's inpatient

hospitalizations – a treating provider opinion that the Office of Disability Determination Services *requested* – the ALJ should have made inquiry into the identity of the author of the Region 8 assessment so as to give proper consideration to the opinions contained therein.[11] This missing information was relevant, probative, and surely available upon request. Although plaintiff made no proffer to this court of the author's identity as she should properly have done, there is at least a plausible assumption the author's identity will lend some degree of credibility to the assessment and therefore might have altered the ALJ's decision. *See Kane v, Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984) (excusing counsel's failure to proffer omitted evidence to district court where plausible basis existed to believe what evidence would have shown had ALJ made proper inquiry).

     Plaintiff also argues that the ALJ substituted his opinion for the physicians who determined plaintiff's global assessment of functioning score of 65 in May 2013 when she was discharged from St. Dominic-Jackson Memorial Hospital and the score of 45 upon discharge from Tri-Lakes Medical Center in August 2014. Docket 18 at 10. In his opinion denying benefits, the ALJ gave "some weight" to the global assessments of functioning but found they did not "reflect the claimant's ongoing functioning and do not fully appreciate the claimant's ongoing functioning." Docket 10 at 22. Citing *Hawkins v. Astrue*, 2011 WL 1107205, at *6 n.4(N.D. Tex. March 25, 2011), the Commissioner argues that "[a] low GAF score is not prima facie evidence of a disability." However, the cited *Hawkins* footnote states a low GAF score

---

[11]The ALJ may stop the hearing temporarily and continue it at a later date if he or she believes there is material evidence missing at the hearing, and the ALJ may also reopen the hearing at any time before he or she mails a notice of decision in order to receive new and material evidence. 20 C.F.R. § 404.944.

"standing alone, is not evidence of a severe impairment that precludes plaintiff from working." Although this court agrees plaintiff's low GAF scores standing alone cannot establish disability, it is also true the ALJ may not disregard the scores and substitute his own opinion that they are not reflective of plaintiff's ongoing functioning.

The Fifth Circuit has held that an "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393(5th Cir. 2000). The Seventh Circuit, applying the same social security regulations as the Fifth Circuit, articulated that "[t]he fact that the headaches standing alone were not disabling is not grounds for the ALJ to ignore them entirely – it is their impact in combination with [plaintiff's] other impairments that may be critical to his claim." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). In this case, the ALJ's opinion offers no basis upon which to conclude that plaintiff's GAF scores – established upon discharge from two hospitalizations within a 15-month period – do not reflect her ongoing functioning. The ALJ's opinion in this regard must be reevaluated on remand.

Because the ALJ did not fully and fairly develop the record and did not have before him sufficient facts on which to make an informed decision, the court finds his decision is not supported by substantial evidence. This matter is remanded for the ALJ to obtain the identity of the author of the completed Region 8 Functional Data Request Form so as to afford it proper weight. The ALJ is further directed to give proper consideration to the GAF scores. This court finds no error in the ALJ's evaluation of plaintiff's physical condition, and therefore no further consideration of the physical impairments is necessary on remand.

## IV.  CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion.  A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 14th day of February, 2017.

     /s/ Roy Percy
    UNITED STATES MAGISTRATE JUDGE